**In re Davey L. THOMASON and Kathleen A. Thomason, Debtors.**

**Lenore Nesler, Plaintiff,**

v.

**Davey L. Thomason, Defendant.**

**Bankruptcy No. 01–60355. Adversary No. 01–6030.**

United States Bankruptcy Court, S.D. Illinois.

Aug. 2, 2002.

Michael Curry, Mueller Associates, Mt. Vernon, IL, for Debtors.

Donald Hoagland, Robinson, IL, trustee.

## OPINION

GERALD D. FINES, Chief Judge.

This matter having come before the Court for trial on a Complaint Objecting to Discharge of Debt Pursuant to 11 U.S.C. § 523; the Court, having heard sworn testimony and arguments of counsel and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

### Findings of Fact

At the outset, the Court notes that the testimony of both the Plaintiff and witness, Donna Langford, was credible. In observing their demeanor and their answers to questions on both direct and cross examination, the Court finds that both the Plaintiff and Donna Langford were truthful and straight forward. The Court finds that the Defendant was not a credible witness

based upon his lack of cooperation and lack of memory.

Both the Plaintiff and witness, Donna Langford, became employees of Madison Mazda Mitsubishi, Inc. in Madison, Wisconsin, within days of each other in August and September 1995. The Defendant, Davey L. Thomason, was the general sales manager at Madison Mazda Mitsubishi, Inc., and had authority over both the Plaintiff and witness, Donna Langford. During her short course of employment at Madison Mazda Mitsubishi, Inc., the Plaintiff was subjected to numerous sexually inappropriate statements made by the Defendant, as well as suggestive and threatening physical conduct. The Defendant used foul language when referring to the Plaintiff and other females, and, in one instance, showed the Plaintiff sexually provocative photographs of another woman. The evidence established that the Defendant suggested that other male employees should sexually harass the Plaintiff, and, on at least one occasion, the Defendant used his body to physically trap the Plaintiff at her desk. The testimony of both the Plaintiff and Donna Langford, indicated that the Defendant's conduct was continuous and directed, not only at the Plaintiff, but also at Donna Langford.

In addition to his verbal and physical assaults, on one occasion, the Defendant pointed a gun at the Plaintiff while making comments that he kept the gun at the office for the purpose of keeping employees in line. During this same incident, the Defendant also fired the gun over the head of another employee. The Defendant denies that this incident took place, and he denies that he even had a gun in his possession. However, that testimony is belied by the fact that the Defendant admitted that he had a Firearm Owner's Identification Card. The testimony of Plaintiff's witnesses as to this event was highly credible, leaving no doubt in the Court's mind that this incident did, in fact, take place as alleged.

The ongoing conduct of the Defendant caused the Plaintiff to be fearful and uncomfortable in her employment. As a result, the Plaintiff took the matter to senior management, and, in a meeting with the company vice president, Edward Meechum, Jr., the Plaintiff and witness, Donna Langford, presented a list of unacceptable conduct of the Defendant, which they sought to have remedied. It was the testimony of both the Plaintiff and Donna Langford that they requested senior management to have the Defendant either cease the unacceptable conduct or be fired. The Defendant has absolutely no recollection of this meeting, and denied that it had ever taken place as stated by both the Plaintiff and Donna Langford. The Court finds that the Defendant's testimony in this regard was not credible. Following the meeting wherein the Plaintiff and Donna Langford aired their grievances against the Defendant, there was apparently no change in the Defendant's conduct, and, within a short period of time thereafter, the Defendant fired the Plaintiff from her position as finance manager at Madison Mazda Mitsubishi, Inc., a job which she had held for only approximately two months.

In April 1997, the Plaintiff and Donna Langford brought suit in the Circuit Court of Dane County, Wisconsin, against both Madison Mazda Mitsubishi, Inc. and Defendant, David Thomason, seeking civil damages under 42 U.S.C. § 2000(e), *et seq.* (Title VII) and for wrongful termination of employment. Ultimately, the Defendant chose not to defend the Wisconsin State Court lawsuit, a default judgment was entered against him on October 30, 1997, and an Order of Judgment was entered on September 25, 2000, finding damages in

favor of the Plaintiff and against the Defendant, in the amount of $5,000 in compensatory damages and $10,000 in punitive damages. It is this judgment that the Plaintiff seeks to be found non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). The evidence at trial on this matter indicated that, not only did the Plaintiff obtain a default judgment against the Defendant herein, she also obtained a settlement against Madison Mazda Mitsubishi, Inc. in the approximate amount of $31,000.

### Conclusions of Law

Pursuant to 11 U.S.C. § 523(a)(6):

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . .

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In order to prevail under § 523(a)(6), a creditor must demonstrate by a preponderance of the evidence that the debtor desired to cause the injury complained of or that the debtor believed that the consequences of his actions were substantially certain to result from the debtor's acts. *See: In re Kidd,* 219 B.R. 278 (Bankr.D.Mont.1998); *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). It has been held that a debt is non-dischargeable under § 523(a)(6) where a creditor demonstrates that the debtor desired to cause the injury complained of or that the debtor believed that harmful consequences were substantially certain to result from the debtor's acts. *See: In re Cox,* 243 B.R. 713 (Bankr. N.D.Ill.2000). A malicious injury has been defined as "a wrongful act done consciously and knowingly in the absence of just cause or excuse." *In re Bossard,* 74 B.R. 730 (Bankr.N.D.N.Y.1987); *In re Condict,* 71 B.R. 485 (N.D.Ill.1987); and *In re Thirtyacre,* 36 F.3d 697 (7th Cir.1994). It

has also been held that a malicious injury does not require ill will or specific intent to do harm. *In re Arlington,* 192 B.R. 494 (Bankr.N.D.Ill.1996).

In this case, the Court finds that the Defendant's actions toward the Plaintiff were both physically and verbally abusive. The Court further finds that the Defendant's actions were clearly intentional and that the Defendant desired to cause injury to the Plaintiff. The Defendant's actions were clearly wrongful, and they were done consciously and knowingly in the absence of just cause or excuse. The Defendant's ultimate conduct of firing the Plaintiff from her employment as a result of her complaints about his continual verbal and physical abuse was retaliatory in nature and done with the specific intent of doing injury to the Plaintiff, both mentally and financially. For all of these reasons, the Court finds that the judgment entered against the Defendant in the Circuit Court of Dane County, Wisconsin, in the amount of $15,000, constitutes a non-dischargeable debt pursuant to the provisions of 11 U.S.C. § 523(a)(6).